UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE OPTIMAL U.S. LITIGATION ) No. 10-cv-4095 (SAS)

SUPPLEMENTAL DECLARATION CONCERNING
BAHAMIAN LAW PURSUANT TO FED. R. CIV. P. 44.1

Robert H.T. Hildyard, pursuant to 28 U.S.C. § 1746, declares the following:

I. **Scope of This My Third Declaration**

1. This is my third Declaration for the purposes of these proceedings. I have set out my qualifications and experience in my first Declaration made on 22 December 2010.

2. I have been provided with and read a copy of a document entitled 'Lead Plaintiffs' Supplemental Memorandum of Law concerning the Wagoner Rule'. I have also read a copy of the decision of the United States Court of Appeals for the Second Circuit in *Shearson Lehman Hutton Inc. v Wagoner* 944 F 2d 114 (2d Cir. 1991) and of the decision of the United States Bankruptcy Court for the Southern District of New York in *In re Hampton Hotel Investors, L.P.* 289 B.R. 563 (Bankr. S.D.N.Y. 2003). These decisions expound and seek to explain what Lead Plaintiffs describe in their Supplemental Memorandum of Law as the 'Wagoner rule'.

3. As I understand it, the Wagoner rule is encapsulated at paragraph 19 in the decision from which it derives its name as being that "A claim against a third party for defrauding a corporation of management accrues to creditors, not the guilty corporation." (It was held that accordingly a trustee in bankruptcy, who may only assert claims held by the corporation itself, lacked standing to bring the relevant claim.)

4. The rationale put forward for the Wagoner rule appears to be that where the estate (or corporation) has been injured, but its trustee in bankruptcy would be precluded from pursuing any claim because the estate (or management) was complicit in the wrongdoing and that wrongful conduct would be imputed to the trustee, the claim to remedy

the wrongdoing vests in the estate's (or corporation's) creditors: see *In re Hampton Hotel Investors L.P.* at paragraphs 24 and 25 and the quotations from further cases there cited.

5.  I have been asked by U.S Counsel for the Santander Defendants (as defined in my first Declaration) to provide my opinion whether there is any analogue or comparable rule under English or Bahamian law.

**II.  Whether there is any analogue in English or Bahamian law to the Wagoner Rule**

6.  I know of no analogue for the so-called Wagoner rule under either English law or the law of the Bahamas, whether in principle or precedent.

7.  As a matter of English and thus (in the absence of any contrary statutory provision or decided authority) Bahamian law, the chose in action which a claim represents vests and remains in the legal person which held the benefit of the debt or claim. The exceptions of (a) claims on behalf of a corporation or estate by a liquidator or trustee in bankruptcy and (b) derivative process (if available) are not exceptions but a confirmation of this principle.

8.  I do not know of, nor can I see, any basis on which under English or Bahamian law the benefit of such a claim or debt would be treated as vesting in creditors (or still less, shareholders). Nor do I know of, nor can I see, any basis on which an injury suffered by an estate or corporation would be deemed to be suffered by the estate's or corporation's creditors rather than the estate or corporation itself. Of course, statute may vest particular remedies in creditors: but then the claim is always vested in them or the liquidator or trustee in bankruptcy on their behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 27th day of May 2011.

*[signature]*
ROBERT H T HILDYARD QC
4 Stone Buildings,
Lincoln's Inn,
London

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 31, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send a Notice of Electronic Filing to counsel of record listed below:

Alan Ian Ellman, Esq.
aellman@labaton.com

Javier Bleichmar, Esq.
jbleichmar@labaton.com

Edward W. Miller, Esq.
edmilleresq@aol.com

/s/  Gustavo J. Membiela
Gustavo J. Membiela

1