

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE OPTIMAL U.S. LITIGATION

)
)
)
)
)
)
)

No. 10-cv-4095 (SAS)
ECF CASE

Honorable Shira A. Scheindlin

## CONFIDENTIALITY STIPULATION AND ORDER

Plaintiffs and Defendants (the "Parties"), by and through their respective counsel, having agreed that an agreement is necessary to protect the confidentiality of certain documents and other information produced by any party in response to any party's discovery requests in the above-captioned action, IT IS HEREBY AGREED THAT:

1.    **SCOPE OF AGREEMENT.** This Confidentiality Stipulation and Order includes in its scope any documents, materials, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed, or filed by or on behalf of any Party or any third party (the "Producing Party"), voluntarily or involuntarily, in response to any request for production, subpoena, or discovery agreement in this Action (the "Discovery Material").

2.    **USE OF DISCOVERY MATERIAL GENERALLY.** Plaintiffs and Defendants shall use all non-public Discovery Material solely in connection with the matter captioned *In re Optimal U.S. Litigation*, No. 10-cv-4095 (SAS)(the "Action."). Counsel shall not use or file any non-public Discovery Material in any litigation other than this Action. Nothing herein shall prevent or in any way limit disclosure, use, or dissemination of any documents or information that lawfully are in the public domain.

3.    **CONFIDENTIAL DISCOVERY MATERIAL.** The Producing Party may designate as Confidential, at or prior to the time of production, or after the time of production as provided in Paragraph 7, *infra*, any Discovery Material produced or disclosed by or on behalf of the Producing Party, or any portion of such material, that constitutes (i) a trade secret or other confidential research, development, or commercial information, or (ii) personal non-public information. Discovery Material designated Confidential shall be referred to herein as "Confidential Discovery Material." The Producing Party's designation of any category or type of Discovery Material as Confidential is not intended to and shall not be construed as an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

a.    Confidential Discovery Material shall include any copies or other reproductions, excerpts, summaries, abstracts, or other documents that paraphrase, excerpt, or contain Confidential Discovery Material.

b.    Confidential Discovery Material shall be designated as such by stamping or labeling the pages of the document with the legend "CONFIDENTIAL," or by taking other reasonable steps to designate the information or documents as such.

4.    **USE OF CONFIDENTIAL DISCOVERY MATERIAL.** In the absence of written permission from the Producing Party or an order of the Court, Confidential Discovery Material shall be used exclusively for the purposes enumerated in Paragraph 2, *supra*. Confidential Discovery Material shall not be made available, nor the contents thereof disclosed, to persons other than Qualified Persons, as defined in Paragraph 5, *infra*.

5.    **QUALIFIED PERSONS.** Qualified Persons as used herein shall include only the following:

2

a.      Plaintiffs, Defendants and the Parties' outside counsel of record, including regularly employed support personnel as necessarily incident to this action;

b.      The directors, officers, employees (including, but not limited to, inside counsel), and general or limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting the Parties in the Action, or who appear as witnesses or deponents;

c.      The Court and its personnel;

d.      Outside consultants and/or experts retained or used by Plaintiffs or Defendants or their counsel for the purpose of this Action;

e.      Witnesses and potential witnesses contacted by Plaintiffs or Defendants or their counsel based on a good-faith belief that such persons might become witnesses at a trial or deposition in this Action, provided that such witnesses or potential witnesses shall not be permitted to retain copies of any Confidential Discovery Material shown to them by counsel;

f.      Outside photocopying services, graphic production services, litigation support services, or investigators employed by Plaintiffs or Defendants or their counsel to assist in this Action; and

g.      Any other person agreed to in writing by counsel for the Producing Party as necessarily incident to this Action.

6.      **AGREEMENT BY QUALIFIED PERSONS.** Confidential Discovery Material shall not be made available to any Qualified Person designated in Paragraphs 5(d)-(g) unless such Qualified Person has first read this Confidentiality Stipulation and Order and has agreed in writing (as evidenced by signing the acknowledgement of this Confidentiality Stipulation and Order, set forth in Exhibit A): (a) to be bound by the terms hereof; (b) to

3

maintain the confidentiality of the information and not to use or disclose it to anyone other than as provided herein; and (c) to utilize such information solely for the purpose of this Action.

a.    Clerical or other non-professional personnel need not sign the acknowledgement if their supervisors have done so. In addition, the execution of this Confidentiality Stipulation and Order by counsel for Plaintiffs or Defendants or any Qualified Person shall bind such counsel, his or her law firm, clerical and support personnel employed by such law firm, his or her co-counsel, and clerical and support personnel employed by such co-counsel.

b.    Counsel shall retain copies of each signed Exhibit A acknowledgement during the course of this Action until terminated by judgment, dismissal, or settlement from which no further appeal is pending or lies.

c.    Any Qualified Person receiving Confidential Discovery Material shall not reveal or discuss the contents of that information to or with any person who is not entitled to receive such information as set forth herein.

d.    In the event that any Qualified Person ceases to be actively engaged in this Action, access by such person to Confidential Discovery Material shall be terminated. The provisions of this Confidentiality Stipulation and Order, however, shall remain in full force and effect as to such person.

7.    **PROCEDURE FOR MODIFICATION OR OBJECTION TO DESIGNATION.**

a.    At any time, Plaintiffs or Defendants may object to the designation of any Discovery Material, or to the modification of that designation by the Producing Party. Counsel for Plaintiffs or Defendants ("Objecting Counsel") shall give the Producing Party's

4

counsel written notice identifying any individual document the designation of which it objects to and the reasons for its objection. The Producing Party's counsel shall, within seven (7) calendar days after receiving such notice, meet and confer with the Objecting Counsel in a good faith effort to resolve the matter. Failing such resolution, the Objecting Counsel then have twenty-one (21) days to apply to the Court, on duly noticed motion, seeking an order changing or removing the designation. The Producing Party shall bear the burden of proof that the challenged material is confidential information. Notwithstanding any objection to the designation of Discovery Material, it shall be treated as Confidential Discovery Material and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the Producing Party changes or removes such designation in writing; or (b) the Court orders the Producing Party to change or remove such designation. If the Discovery Material was shown to a person who was not entitled to see Confidential Discovery Material, that person shall be advised that the Discovery Material has been reclassified as Confidential Discovery Material and instructed not to use the Confidential Discovery Material for any purpose other than as provided in this Confidentiality Stipulation and Order.

    b.  At any time, a Producing Party may seek additional protection for any Confidential Discovery Material it has or intends to produce. The Producing Party's counsel shall do so by providing written notice identifying any Confidential Discovery Material for which it seeks additional protection, the additional protection sought and the reasons therefor. Counsel for any Party who objects to the request shall provide written notice of its objection within seven (7) calendar days and, within seven (7) calendar days of such written notice, shall meet and confer with the Producing Party in a good faith effort to resolve the dispute. Failing such resolution, the Producing Party shall have twenty-one (21) calendar days to apply to the

5

Court, on duly noticed motion, for an order affording the additional protections. Pending the determination of such motion, absent a contrary order of the Court, the Parties shall treat the Confidential Discovery Material in accord with the additional protections sought by the Producing Party.

8.    **INADVERTENT DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL.** If any Discovery Material that a Producing Party intends to designate as Confidential Discovery Material is inadvertently disclosed without being marked in accordance with this Confidentiality Stipulation and Order, the failure to so mark the Discovery Material shall not be deemed a waiver of its confidentiality or the protections afforded by this Confidentiality Stipulation and Order. If Plaintiffs or Defendants or their counsel disclose, through inadvertence or otherwise, any Confidential Discovery Material hereunder to a person other than a Qualified Person, then Plaintiffs or Defendants shall use their best efforts to bind such person to the terms of this Confidentiality Stipulation and Order and: (a) such person shall be informed promptly of all the provisions of this Confidentiality Stipulation and Order by the disclosing party; (b) such person shall be identified immediately to the Producing Party; and (c) the person to whom disclosure was made shall be requested to sign the acknowledgment set forth in Exhibit A of the Confidentiality Stipulation and Order, which signed acknowledgment shall be promptly served on the Producing Party.

9.    **INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED DISCOVERY MATERIAL.** It is understood and acknowledged that, in the course of complying with discovery requests and deadlines, one or more Parties may inadvertently produce materials, data or information that is subject to a claim of privilege or protection from production, including material protected by the attorney-client communication

6

privilege, work product doctrine, or secrecy and privacy laws of various jurisdictions ("Inadvertently Produced Privileged Material"). In accordance with the provisions of Federal Rule of Evidence ("FRE") 502(b), such production will not, and will not be deemed to, waive any applicable privileges or protections if the Producing Party took reasonable precautions to prevent disclosure and took reasonably prompt measures, once the Producing Party knew or should have known of the disclosure, to rectify the error. If FRE 502(b), is satisfied, then the Producing Party may request in writing the return of any material claimed to be Inadvertently Produced Privileged Material. A written request for the return of any Inadvertently Produced Privileged Material shall 1) identify the Discovery Material inadvertently produced, 2) identify the basis for the right to withhold such Discovery Material from production with the requisite specificity to explain the asserted basis for privilege or protection, and 3) enumerate the reasonable precautions taken to prevent disclosure of Inadvertently Produced Privileged Material. If the Producing Party's written request for the return or destruction of Inadvertently Produced Privileged Material meets all three requirements above, then, subject to the contestation clause *infra*, the person in possession of the material claimed to be Inadvertently Produced Privileged Material shall, within five (5) calendar days, either return it to the Producing Party (along with all copies thereof) or provide written notice to the Producing Party that the Inadvertently Produced Privileged Material has been destroyed. If the reasonable precaution standard of FRE 502(b) has been met, then neither Plaintiffs nor Defendants shall assert as a ground for entering an order compelling production of Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent production.

10. **CONTESTATION CLAUSE.** If any Party contests the right of such Producing Party to have the Inadvertently Produced Privilege Material returned, it shall so

7

inform the Producing Party in writing within five (5) calendar days of receiving the notice of such inadvertent production. Thereafter, the Producing Party shall have ten (10) calendar days to apply to the Court, on duly noticed motion, for an order compelling the return of the Inadvertently Produced Privileged Material.

11.   **NO WAIVER.** Nothing in this Confidentiality Stipulation and Order shall prejudice the right of a Producing Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Confidentiality Stipulation and Order shall prejudice the right of the Producing Party to object to the admissibility of any Confidential Discovery Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

12.   **A PRODUCING PARTY'S OWN INFORMATION.** Nothing in this Confidentiality Stipulation and Order shall limit a Producing Party's use of its own documents or shall prevent the Producing Party from disclosing its Confidential Discovery Material to any person. Such disclosures shall not affect any designation of such documents as Confidential Discovery Material pursuant to the terms of this Confidentiality Stipulation and Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

13.   **DISCLOSURES BEYOND CONFIDENTIALITY STIPULATION AND ORDER.** Nothing contained herein shall prevent disclosure to persons who are not Qualified Persons under the terms of this Confidentiality Stipulation and Order if: (a) the Producing Party consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) Plaintiffs or Defendants hereafter become obligated to disclose the

8

information in response to a lawful subpoena or other legal process, provided that the party give prompt written notice to opposing counsel, allowing at least fourteen (14) calendar days (or as much time as is practicable under the circumstances) to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

14.   **AMENDMENT AND MODIFICATION.** Plaintiffs and Defendants may amend or modify this Confidentiality Stipulation and Order by written stipulation without further order of this Court, and such amendment or modification shall be deemed effective as if entered by this Court upon filing a copy with the Clerk of the Court. This Confidentiality Stipulation and Order is without prejudice to the rights of Plaintiffs or Defendants to apply for such relief from the provisions of this Confidentiality Stipulation and Order as the Court deems just.

15.   **SURVIVAL.** All the provisions of this Confidentiality Stipulation and Order shall survive the conclusion of this Action, and shall remain in effect after the conclusion of this Action unless subsequently modified by agreement between Plaintiffs and Defendants or further order of the Court. "Conclusion of this Action" shall mean the time when all appeal periods have expired and any settlement or judgment has become final.

16.   **RETURN OF DISCOVERY MATERIAL.** The Parties shall assemble and return to each Producing Party all originals and reproductions of any Discovery Material within sixty (60) days of the conclusion of this Action, excluding: (a) documents that have been filed with the Court; and (b) documents that contain notes or other attorney work product that may have been placed thereon by the receiving party. In lieu of returning the Discovery Materials, the Parties may destroy all Discovery Material covered by this Confidentiality

9

Stipulation and Order within sixty (60) days of the conclusion of this Action, provided that each Party certifies in writing to each Producing Party that it has made a reasonable and good faith effort to destroy the Discovery Material, and that it all has been destroyed to the best of their knowledge

17.     **RESERVATION OF RECEIVING PARTIES' RIGHTS.** Nothing in this Confidentiality Stipulation and Order shall be construed as a concession: (a) by any non-Producing Party that any Discovery Material is confidential; or (b) by any Producing Party that it has conclusively established the confidential nature of any document under Rule 26 of the Federal Rules of Civil Procedure. This Confidentiality Stipulation and Order shall not be construed to alter the burden of any party imposed by Rule 26(c) of the Federal Rules of Civil Procedure relative to the good cause showing required to limit or restrict disclosure of any document(s).

10

Dated: September 8, 2011

Javier Bleichmar
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005

*Counsel for Lead Plaintiffs and Lead Counsel
for the Class*

Jack Reise
ROBBINS GELLER
RUDMAN & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432-4809

*Additional Plaintiffs' Counsel*

Edward W. Miller    // w/p JB
EDWARD W. MILLER
648 Franklin Avenue, 2nd Floor
Garden City, New York 11530

*Counsel for Lead Plaintiffs and Lead Counsel
for the Class*

Samuel A. Danon    // w/p JB
Gustavo A. Membiela
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131

*Counsel for Defendants Banco Santander,
S.A., Banco Santander International, Optimal
Investment Services, S.A., and Jonathan Clark*

Dated: September 12, 2011
New York, New York

SO ORDERED:

SHIRA A. SCHEINDLIN
U.S.D.J.

11

**EXHIBIT A**

**AGREEMENT TO ABIDE BY CONFIDENTIALITY STIPULATION AND ORDER**

I hereby acknowledge that I have been given an opportunity to read the Confidentiality Stipulation and Order between Plaintiffs and Defendants (the "Parties"), entered in the United States District Court for the Southern District of New York on September ___, 2011, in the proceeding entitled *In re Optimal U.S. Litigation*, No. 10-4095 (the "Action"), that I understand it, and that I agree to be bound by its terms.

I agree that I will not at any time reveal or discuss the contents of the documents, materials, or information furnished to me in the course of the Action that are subject to the Confidentiality Stipulation and Order (the "Confidential Discovery Material") with anyone, except as expressly authorized by the Confidentiality Stipulation and Order, or as otherwise required by the Court. I agree that any Confidential Discovery Material furnished to me will be used by only for the purposes of the Action, and for no other purpose.

I further agree that, in the event I cease to have any involvement in the Action: (a) I shall promptly return or destroy all Confidential Discovery Material to the party or counsel from whom I received it; and (b) I shall maintain the confidentiality of all Confidential Discovery Material disclosed to me.

Dated:_____           _____