UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE OPTIMAL U.S. LITIGATION : No. 10 Civ. 4095 (SAS)

## DECLARATION OF MAURICE HARARI ON SWISS LAW

MAURICE HARARI, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am over the age of 18 and competent to testify. I make this Declaration in support of Defendants' Opposition to Plaintiffs' Motion for Reconsideration, filed by Defendants Banco Santander, S.A. ("Santander"), Optimal Investment Services, S.A. ("OIS"), and Jonathan Clark ("Clark") (collectively, "Defendants").

2. My opinions are based on my personal knowledge of the relevant legal authorities in Switzerland, and my review of the relevant filings in this action, including: the Fourth Amended Class Action Complaint ("Complaint"); Plaintiffs' Motion for Reconsideration, dated August 28, 2012; and the Declaration of Titus van Stiphout in support of Plaintiffs' Motion, dated August 24, 2012 (the "van Stiphout Declaration").

**I.    Scope of Declaration**

3. I previously submitted a declaration, dated September 15, 2011, in support of Defendants' Motion to Dismiss that summarized for this Court the Swiss judicial system, with a focus on how its rules would apply to Plaintiffs' claims in this case. My qualifications and experience are set forth in my prior declaration and Exhibit A thereto.

*MH*

4. In the interest of economy, this declaration clarifies or rebuts certain specific points set forth in the van Stiphout Declaration and does not repeat the extensive discussion of Swiss law and procedure in my prior declaration, which is hereby incorporated by reference.

**II. Responses**

4. The obligation to translate documents into French is narrower than Mr. van Stiphout's analysis suggests. (*See* van Stiphout Decl. at 2.)

5. Under Art. 129 of the unified Swiss Code of Civil Procedure ("SCCP"), the proceedings are held in the official language of the relevant canton. In Geneva, the official language is French.

6. Accordingly, the parties' pleadings filed with and the various decisions issued by Geneva (Civil) Courts will all be in French.

7. With respect to the evidence submitted before Geneva (Civil) Courts, the obligation to translate into French is limited to the relevant excerpts contained in the documentary evidence. Furthermore, it is not generally required that such translation be made by an official sworn translator.

8. As a consequence of the above, the costs will be considerably below Mr. van Stiphout's estimates.

9. Note that the costs of court-ordered translations, if any, shall be borne by the succumbing party and are included in the decision on costs made in the judgment on the merits of the case.

10. Swiss courts are empowered to order third-party witnesses domiciled in Switzerland to appear and to produce documents relevant to the litigation. The attendance of witnesses domiciled in Switzerland is secured through the use of court orders comparable to subpoenas in the United States.

MA/

11. Additionally, Swiss courts may secure testimony or other evidence from third-party witnesses domiciled outside of Switzerland, including in the United States, by issuing letters rogatory through international judicial assistance channels. Swiss courts typically use the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, dated March 18, 1970 ("Hague Convention"), to obtain testimony of witnesses domiciled in countries that are Members to the Convention. It is my understanding that the countries from which the parties have sought evidence in this case include Switzerland, Spain, the United Kingdom, Ireland, Israel, and the Netherlands. All of these countries are Members to the Hague Convention.

12. Mr. van Stiphout correctly asserts that, under Art. 166 (1) (a) SCCP, Mr. Manuel Echeverría may refuse to cooperate in the taking of evidence in a civil proceeding commenced in Switzerland. (*See* van Stiphout Decl. at 4.) This provision allows a third party to refuse to cooperate in civil proceedings if this cooperation might expose him to personal criminal or civil liability. However, under Art. 11 of the Hague Convention, Mr. Echeverría would be afforded that same right if he were deposed in Switzerland pursuant to a letter rogatory issued by a U.S. court.

13. That said, the examination of Mr. Echeverría, or any other witness examined in Switzerland pursuant to a letter rogatory issued by a foreign court, would be conducted by a judge pursuant to Art. 172 SCCP. The parties may nevertheless be permitted to address supplementary questions to the witness, either by asking the judge to present the question to the witness or, if allowed by the judge, directly. (Art. 173 SCCP)

14. Mr. van Stiphout also claims that Geneva offers a "limited number of internationally oriented and financially versed law firms." (*See* van Stiphout Decl. at 4.) This is

plainly incorrect. Geneva is, in the words of Mr. van Stiphout, a "major international financial hub" with a correspondingly diverse selection of law firms that are, in my view, eminently capable of litigating Plaintiffs' claims.

15. In my view, it is likely that the prosecutor in charge of the ongoing criminal proceedings against Mr. Echeverría (*Procédure Pénale n° P/4010/2009 Franck Berlamont c/ Manuel Echeverría*) would allow the Plaintiffs in this action to participate in these proceedings if they make such a request.

16. The unified Swiss Code of Criminal Procedure ("SCCrP") sets out (*see* Art. 118 SCCrP) the conditions for being recognized as a "complaining party" (in French, *partie plaignante*), which include making a request for civil damages caused by the criminal offense under investigation. The declaration that one becomes a "complaining party" (and thus a party to the proceedings, *see* Art. 104 (1) (b) SCCrP) may be made until the end of the "preliminary proceedings", *i.e.* until the prosecutor has referred his act of accusation to the Trial Court (*see* Art. 118 (3) and 324 SCCrP).

17. I understand that the criminal proceedings against Mr. Echeverría are currently still at the stage of the "preliminary proceedings", and that these proceedings are based upon similar if not the same facts that form the basis for the Plaintiffs' claims. Therefore, the Plaintiffs could join the Swiss proceedings by asserting that they fulfill the conditions of Art. 118 (1) *cum* 115 SCCrP; thus, they would likely be permitted to claim damages against Mr. Echeverría.

*MM*

Note that the Plaintiffs would have full access to the criminal file, as well as the right to participate in and request investigative acts, notably hearing witnesses.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Geneva, Switzerland, on this 20 day of September, 2012.

_____
Maurice Harari

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 20, 2012, I filed a copy of the foregoing using the Court's CM/ECF filing system, which will cause an electronic copy to be delivered to Plaintiffs' counsel of record listed below:

Javier Bleichmar, Esq.
Alan I. Ellman, Esq.
Joel H. Bernstein, Esq.
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Fax: (212) 883-7087
Email: jbleichmar@labaton.com
Email: aellman@labaton.com
Email: jbernstein@labaton.com

Jack Reise, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432-4809
Fax: (561) 750-3364
Email: jreise@rgrdlaw.com

Edward W. Miller, Esq.
648 Franklin Ave., 2nd Floor
Garden City, New York 11530
Fax: (516) 280-7376
Email: edmilleresq@aol.com

Michael Greenwald, Esq.
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Fax: (561) 869-1919
Email: mgreenwald@mgjdlaw.com

/s/ Gustavo J. Membiela

For Hunton & Williams LLP