UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                    :

IN RE OPTIMAL U.S. LITIGATION      :   **OPINION AND ORDER**

                    :

                    :   **10 Civ. 4095 (SAS)**

------------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION[1]

On August 10, 2012, this Court issued an Opinion and Order granting

defendants' renewed motion to dismiss for forum non conveniens. On August 28,

2012, plaintiffs moved pursuant to Local Rule 6.3 and Rule 59(e) of the Federal

Rules of Civil Procedure for reconsideration of the August 10 Opinion on the

grounds that the Court "(1) incorrectly consider[ed] facts occurring after the

complaint was filed to diminish the level of deference owed to Plaintiffs' choice of

forum; and (2) [found] inconveniences where there were none and overlook[ed]

pivotal considerations in its analysis of 'how great would be the inconvenience' for

---

[1]    Familiarity with prior Opinions, in particular the December 20, 2011
Opinion denying defendants' forum non conveniens motion, and the August 10,
2012 Opinion granting defendants' renewed forum non conveniens motion is
assumed. *See In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244 (S.D.N.Y. 2011)
("December 20 Opinion"); *In re Optimal U.S. Litig.*, No. 10 Civ. 4095, 2012 WL
3264372 (S.D.N.Y. Aug. 10, 2012) ("August 10 Opinion").

Plaintiffs to restart this case in Switzerland."[2]  For the reasons stated below, the

motion is denied.

## II.    LEGAL STANDARD FOR RECONSIDERATION

Motions for reconsideration under Local Civil Rule 6.3 are committed

to the sound discretion of the district court.[3]  "'The standard for granting such a

motion is strict, and reconsideration will generally be denied unless the moving

party can point to controlling decisions or data that the court overlooked'"[4] and

that "might reasonably be expected to alter the conclusion reached by the court."[5]

A motion for reconsideration may also be granted to "'correct a clear error or

prevent manifest injustice.'"[6]  A motion for reconsideration is not an opportunity to

---

[2]    Lead Plaintiffs' Motion for Reconsideration of the Court's Dismissal for Forum Non Conveniens ("Pl. Mem.") at 1.

[3]    *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[4]    *See Rafter v. Liddle*, 288 Fed. App'x 768, 769 (2d Cir. 2008) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  The standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same.  *See Henderson v. Metropolitan Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007)

[5]    *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation and citation omitted).

[6]    *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v.*

"advance new facts, issues or arguments not previously presented to the Court,"[7] nor is it a substitute for appeal.[8]

## III.   APPLICABLE LAW

A full discussion of the doctrine of forum non conveniens is contained in the August 10 Opinion.[9]   Nonetheless, I briefly restate the standard here.   Courts may decline to exercise jurisdiction under the doctrine of forum non conveniens when, weighing "relative advantages and obstacles to fair trial" in the alternative fora, and practical considerations of which forum will "make trial of a case [more] easy, expeditious and inexpensive . . . the balance is strongly in favor" of the defendant's request for dismissal in favor of a more convenient forum.[10]   In deciding whether to dismiss on this ground, courts in this Circuit undertake a three-step analysis set forth in *Iragorri v. United Technologies Corp.*[11]   *First*,

---

*Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)).

[7]     *In re Fosamax Prods. Liab. Litig.*, 815 F. Supp. 2d 649, 651 (S.D.N.Y. 2011).

[8]     *See Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008).

[9]     *See* 2012 WL 3264372, at *1-3.

[10]    *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

[11]    274 F.3d 65, 73-74 (2d Cir. 2001) (en banc).

courts determine the degree of deference due the plaintiff's choice of forum.[12]

*Second*, courts examine whether there is an adequate alternative forum for the

dispute.[13]  *Third*, courts balance the competing private interests of the parties in the

choice of forum, and the public interests of the alternative fora under

consideration.[14]  "The action should be dismissed only if the chosen forum is

shown to be genuinely inconvenient and the selected forum significantly

preferable."[15]

## IV.   DISCUSSION

When I first denied dismissal for forum non conveniens, I recognized

that "the balance of factors was extremely close."[16]  In reaching that decision,

along with deference to plaintiffs' choice of forum I credited "the United States'

interest in enforcing violations of federal securities law, and the due diligence

efforts conducted in New York."[17]  While reconsideration of the degree of

deference due to plaintiffs' choice of forum was a factor in my ultimate decision to

---

[12]        *See id.* at 73.

[13]        *Id.*  The existence of an adequate alternative forum is not disputed.

[14]        *Id.* at 73-74.

[15]        *Id.* at 74-75.

[16]        August 10 Opinion, 2012 WL 3264372, at *1.

[17]        *Id.*

dismiss, it was by no means determinative.[18]  In granting defendants' renewed

motion for forum non conveniens dismissal, I emphasized that

> plaintiffs' federal securities law claims have been dismissed and
> the parties have undertaken extensive discovery efforts in Europe.
> This dispute now concerns claims governed by foreign law under
> relevant choice-of-law principles, brought by foreign plaintiffs
> suing mostly foreign defendants based on alleged misstatements
> made abroad.[19]

I therefore concluded that "the balance of factors . . . now point strongly towards

dismissal."[20]  Plaintiffs have not pointed to any law or newly available facts that

warrant reconsideration, nor have they demonstrated that failure to reconsider the

August 10 Opinion will inflict a "manifest injustice" upon them.

## A.   The Court's Analysis of the Degree of Deference Accorded Plaintiffs' Choice of Forum Does Not Merit Reconsideration

Plaintiffs argue that the Court made a "clear legal error" by "re-

weighing the *Iraggori* [sic] convenience factors 'as discovery in this case has

progressed,'" to "newly conclude[] 'that plaintiffs' choice of forum is entitled to

---

[18]   *See Rabbi Jacob Joseph School v. Allied Irish Banks, P.L.C.*, No. 11 Civ. 5801, 2012 WL 3746220, at *8 (E.D.N.Y. Aug. 27, 2012) (affording "considerable deference" to plaintiff's chosen forum, but dismissing for forum non conveniens where the balance of public and private interests was "sufficient to overcome the weight afforded to [the plaintiff's] chosen forum.").

[19]   August 10 Opinion, 2012 WL 3264372, at *1.

[20]   *Id.*

some, but little deference.'"[21]  In support of this argument, plaintiffs cite a recent Second Circuit summary order stating that the factors for determining what level of deference to accord a plaintiffs' choice of forum "must be analyzed in reference to . . . the time at which the complaint was filed."[22]

Here, the Court did not reevaluate the degree of deference due based on "facts that arose or came to light long after the complaint was filed."[23]  Rather, I concluded that " it has become clear that the focus of discovery is in Europe, which weighs against according plaintiffs' choice of forum deference" and "[g]iven that the focus of discovery has not been the United States, I am less inclined to infer that plaintiffs' choice of forum *was* motivated by genuine convenience rather than tactical considerations."[24]  In other words, in applying the *Iragorri* rule that "we give greater deference to a plaintiff's forum choice to the extent that it was motivated by legitimate reasons,"[25] I reconsidered the *inferences* I had previously

---

[21]     Pl. Mem. at 2 (quoting August 10 Opinion).

[22]     *Frederiksson v. HR Textron, Inc.*, No. 10 Civ. 4406, 2012 WL 2044588, at *1 (2d Cir. Jun. 7, 2012).

[23]     *Id.* (holding that the district court erred by "rel[ying] on the Final Accident Report" which was not released until "well after Appellants filed their complaint" to conclude that "Appellants ignored the significance of the evidence in Finland").

[24]     August 10 Order, 2012 WL 3264372, at *4 (emphasis added).

[25]     *Iragorri*, 274 F.3d at 73.

drawn about whether plaintiffs' motivation at the time the Complaint was filed was in fact a "bona fide connection to the United States and to the forum of choice."[26] The factual bases for these reconsidered inferences – that most of the relevant documents and important witnesses were located in Europe – existed and were known as of the filing of the Complaint.[27]

It is implausible that the Second Circuit intended to preclude a district court from reevaluating the extent to which a plaintiff's forum choice was "motivated by legitimate reasons" if it came to light later in the litigation that plaintiffs had initially misrepresented their claims and intentions with respect to discovery for the purpose of litigating in a Unites States court.[28]

### B.    Plaintiffs' Private Interest Arguments Regarding Difficulties of

---

[26]    *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 154 (2d Cir. 2005).  This conclusion is further justified by the fact that plaintiffs are all foreign – another fact that was clear from the outset.

[27]    The primary newly arisen circumstance referenced in the August 10 Opinion – the dismissal of the federal claims – was not a consideration in my analysis of the first *Iragorri* factor.  Rather, this circumstance relates to the third *Iragorri* factor – the weighing of the private/public interests.

[28]    As I noted in the August 10 Opinion, several factors justified a reevaluation of plaintiffs' motivation: as of July 16 a majority of depositions had been noticed or taken in Europe, plaintiffs had resisted sitting for depositions in New York, and the scope of document discovery was focused abroad.  *See* 2012 WL 3264372, at *4.  There is no indication that the focus of discovery in Europe, which was contrary to plaintiffs initial representations, was due to the dismissal of the federal claims.

**Transferring the Litigation to Switzerland Do Not Merit
Reconsideration of the Dismissal**

Plaintiffs also argue that the Court incorrectly weighed the

convenience to defendants of litigating in Switzerland against the inconvenience to

plaintiffs of doing so.  In support of reconsideration, plaintiffs raise new arguments

that the witnesses over whom compulsory process will be gained are not crucial or,

in the case of Echevarría, cannot be compelled to testify in Switzerland and reassert

the need for testimony from U.S. residents not subject to compulsory process in

Switzerland.[29]  Plaintiffs also submit, for the first time, projections regarding

procedural delays and the costs of translating documents into French.[30]

Plaintiffs' assertions regarding the need to depose U.S. residents,

---

[29]     Specifically plaintiffs assert that "Mr. Echeverría will not offer any
relevant testimony" because he is the subject of a related Swiss criminal action that
triggers the right against self-incrimination, and that moving the case to
Switzerland will not help secure the testimony of the other three witnesses that
defendants identified.  *See* Pl. Mem. at 5-6.  In contrast they note that moving the
case to Switzerland will prevent the parties from obtaining testimony from
numerous individuals.  *See id.* at 6.

[30]     Defendants correctly note that motions for reconsideration are not a
vehicle for advancing new arguments, and evidence that was previously available
should not be considered for the first time unless failure to do so would cause
"manifest injustice."  See Def. Mem. at 1 n.1 (citing *Langsam v. Vallarta Gardens*,
No. 08 Civ. 2222, 2009 WL 2252612, at *2 (S.D.N.Y. July 28, 2009) ("Where the
movant . . . merely . . . attempts to advance new facts, the motion for
reconsideration must be denied.").  *Accord Henderson*, 502 F. Supp. 2d at 379
(considering the impact of a filing fee for the first time on reconsideration where
failure to do so "could effect 'a manifest injustice'").

which have not been borne out by the course of discovery thus far,[31] and the

inability to obtain testimony from Echeverría in any forum do not merit

reconsideration of the conclusion that "private interests in this dispute between

foreign plaintiffs and mainly foreign defendants arising from statements made

abroad and based on transactions not governed by U.S. securities law, weigh in

favor of a foreign forum."[32]  First of all, plaintiffs admit that there is a chance that

the criminal case will not proceed against Echevarría, whom they acknowledge is

central to their claims and, if it does, that plaintiffs will be able join that case.[33]

Moreover, plaintiffs' arguments regarding compulsory process at best demonstrate

that there will be difficulties securing witness testimony regardless of which forum

the case is in.[34]  That there will be inconveniences associated with litigating in

---

[31]     As I noted in the August 10 Opinion, as of July 16 a majority of depositions had been noticed or taken in Europe, plaintiffs had resisted sitting for depositions in New York, and the scope of document discovery was focused abroad.  *See* 2012 WL 3264372, at *4.  And as defendants noted, plaintiffs cancelled the depositions of certain of the U.S. witnesses they now claim are vital. *See* Def. Mem. at 6 n.6.

[32]     August 10 Opinion, 2012 WL 3264372, at *6.

[33]     *See* Declaration of Titus van Stiphout in Support of Lead Plaintiffs' Motion for Reconsideration of the Court's Dismissal for Forum Non Conveniens ("van Stiphout Decl.") at 3.

[34]     *Accord Anwar v. Fairfield Greenwich Ltd.*, 742 F. Supp. 2d 367, 378 (S.D.N.Y. 2010) (holding that "the argument [regarding unavailability of certain witnesses in the foreign forum] ignores the other side of the same coin: that this

Switzerland, just as there were in New York, does not outweigh the other considerations that strongly favor Switzerland as the more appropriate forum for this lawsuit.[35]

Plaintiffs also argue that the Court failed to "analyz[e] the cost, time delays, and linguistic complications imposed upon Plaintiffs by changing both court and country mid-case."[36]  To the contrary, I recognized that the delay occasioned and the extensive discovery that has already occurred "would normally weigh against dismissal," but concluded that as "much of that effort was required because of the action's minimal connection to New York," it should not be the basis for maintaining a lawsuit in an otherwise inconvenient forum.[37]  While plaintiffs' projections regarding translation costs and delays, submitted for the first time on reconsideration, are of concern, plaintiffs do not argue that they are prohibitive, and, in fact, they may have the positive effect of inspiring the parties to reconsider

_____

Court's subpoena power could not extend beyond its jurisdiction to compel action by third-party witnesses in [the foreign forum]" and concluding that "this factor does not outweigh the other considerations here strongly showing that Singapore is the more appropriate forum for this lawsuit").

[35]     In light of my conclusions regarding public interest, *see infra* Part III.C., and the limited deference granted to a foreign plaintiff's choice of forum, the balance would still strongly favor the foreign forum.

[36]     Pl. Mem. at 8 (citing August 10 Order).

[37]     August 10 Opinion, 2012 WL 3264372, at *6.

resolving this dispute out of court.[38]  In the absence of evidence that "manifest

injustice" will result from requiring plaintiffs to relocate to Switzerland,

reconsideration is not warranted.[39]

    **C.**    **The Absence of a Public Interest in Adjudicating the Case in New York Was a Primary Consideration in Reweighing the Iragorri Factors**

        Plaintiffs argue that, despite the fact that the connection with New

York is significantly diminished, "the public interests do not strongly favor

dismissal."[40]  This position is plainly unsupported by the weight of authority, which

I originally distinguished because of "an interest in federal securities fraud claims

arising from New York based conduct."[41]  The federal securities claims have since

---

    [38]    Plaintiffs' declaration regarding proceedings in Switzerland notes that "litigation in Switzerland is preceded by an attempt at conciliation" which may be waived by agreement of the parties if the amount in controversy exceeds CHF 100,000.  *See* van Stiphout Decl. at 3.  The Declaration also notes that the losing party bears the costs of translation, which may cause both parties to reevaluate the wisdom of proceeding with the litigation.  *See* Declaration of Maurice Harari in Support of Defendants' Opposition to Plaintiffs' Motion for Reconsideration of the Court's Dismissal for *Forum Non Conveniens* ¶ 9.

    [39]    *Cf. Henderson*, 502 F. Supp. 2d at 379 (considering the impact of a filing fee for the first time on reconsideration where failure to do so "could effect 'a manifest injustice'").

    [40]    Pl. Mem. at 10.

    [41]    December 20 Opinion, 837 F. Supp. 2d at 260.  This Opinion distinguished *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712 (S.D.N.Y.2011) and *In re Banco Santander Sec–Optimal Litig.*, 732 F. Supp.

been dismissed and "the role of the New York based conduct is now less substantial."[42]  In the absence of countervailing New York interests, the public interests *strongly* favor dismissal.[43]  Plaintiffs cite no law or facts to the contrary.  In fact, plaintiffs do not take issue with this portion of my opinion in their motion to reconsider.  Instead, they cite to a Second Circuit case in which the court found that the need to apply foreign law weighed "'somewhat . . . but not significantly' in favor of the foreign forum."[44]  I did not hold to the contrary, but merely recognized that the need to apply foreign law was an *additional* factor that favored dismissal.[45]  Thus, nothing in plaintiffs' motion merits reconsideration of the conclusion that the

---

2d 1305, 1336 (S.D. Fla. 2010), *aff'd sub nom. Inversiones Mar Octava Limitada v. Banco Santander S.A.*, No. 10–14012, 2011 WL 3823284 (11th Cir. Aug. 30, 2011) (per curiam), which dismissed related cases on forum non conveniens grounds in part because the United States' interest in the litigation had been affirmed in the multiple other litigations, criminal and civil, relating to the Madoff fraud.  *See also* August 10 Opinion, 2012 WL 3264372, at *6.

[42]    August 10 Opinion, 2012 WL 3264372, at *6.

[43]    In my August 10 Opinion, I explained that "[w]hile I previously found that the public interest factors weighed slightly in favor of a foreign forum, now that the federal claims are no longer present and exclusively foreign law will govern, I find that the public interest factors weigh heavily in favor of Switzerland." *Id.*, at *7.

[44]    Pl. Mem. at 10 (quoting *Gross v. British Broad. Corp.*, 386 F.3d 224, 233-34 (2d Cir. 2004).  I also note that *Gross* involved a New York plaintiff and is therefore easily distinguishable.

[45]    *See* August 10 Opinion, 2012 WL 3264372, at *7.

public interests *strongly* favor dismissal.

## IV.   CONCLUSION

In sum, notwithstanding the costs of relocating to Switzerland mid-litigation, all other signs – that the transactions at issue were foreign, that all parties with the exception of one defendant are foreign, that Swiss law will most likely govern, and that the evidence and witnesses are concentrated in Europe – strongly support dismissal.  For the foregoing reasons, plaintiffs' motion to reconsider is denied.  The Clerk of the Court is directed to close this motion [Docket Entry # 172] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            October 10, 2012

**- Appearances -**

**For Plaintiffs:**

Edward W. Miller, Esq.
648 Franklin Avenue, 2nd Floor
Garden City, New York 11530
(516) 280-7377

Alan Ian Ellman, Esq.
Javier Bleichmar, Esq.
Labaton Sucharow, LLP
140 Broadway
New York, New York 10005
(212) 907-0877

Jack Reise, Esq.
Michael L. Greenwald, Esq.
Robbins Geller Rudman & Dowd LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432-4809
(561) 750-3000

**For Defendants:**

Gustavo J. Membiela, Esq.
Samuel A. Danon, Esq.
Hunton & Williams, LLP
1111 Brickell Avenue
Miami, Florida 33131
(305) 810-2500

Paulo Roberto Lima, Esq.
Shawn Patrick Regan, Esq.
Hunton & Williams, LLP (NYC)
200 Park Avenue, 52nd Floor
New York, New York 10166
(212) 309-1395